UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADVANCE INDUSTRIAL COATING,
LLC, a Florida limited liability company

        Plaintiff,

v.                                  Case No:  2:15-cv-141-FtM-38DNF

WESTFIELD INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Westfield Insurance Company's Motion to Stay Pending Resolution of Arbitration Proceedings (Doc. #9) filed on March 31, 2015. Plaintiff Advance Industrial Coating, LLC filed a response in opposition on April 14, 2015. (Doc. #10). This matter is ripe for review.

## Background

Plaintiff Advance Industrial Coating, LLC ("AIC") initiated this action by filing a Complaint on Public Construction Bond against Defendant Westfield Insurance Company ("WIC") on March 4, 2015. (Doc. #1). The Complaint alleges, on December 4, 2013, Peace River Manasota Regional Water Supply Authority contracted with RTD Construction, Inc. ("RTD") for improvements to the Peace River Facility 1991 Rebuild in

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Desoto County, Florida. (Doc. #1, at ¶8). This contract is referred to as the "prime contract." (Doc. #1, at ¶8).

On December 11, 2013, Defendant WIC, as surety, entered into a payment bond with RTD, as contractor. (Doc. #1, at ¶¶8, 10; Doc. #1, at ¶11). Pursuant to the payment bond and Florida Statute § 713.01, RTD was required to make payments to all persons who furnish labor, services, or materials for the "prime contract" work. (Doc. #1, at ¶11).

Meanwhile, on February 10, 2014, Plaintiff AIC entered into a subcontract with RTD to provide surface preparation, pit patching work, labor, services, and materials. (Doc. #1, at ¶9; see Doc. #1-1). Plaintiff AIC provided labor, services, and the like pursuant to the subcontract. (Doc. #1, at ¶13). AIC last performed work on the project on December 18, 2014. (Doc. #1, at ¶19). RTD breached the subcontract by failing to pay Plaintiff AIC its outstanding balance. (Doc. #1, at ¶¶14-15, 17). As a result, Plaintiff AIC has been damaged and is owed $531,427.33. (Doc. #1, at ¶¶16-17).

Plaintiff AIC notified Defendant WIC of the nonpayment on November 25, 2014. (Doc. #1, at ¶20). Plaintiff AIC alleges Defendant WIC is liable for payment and attorney's fees to Plaintiff AIC pursuant to Defendant WIC's payment bond with RTD and Florida Statute § 255.05. (Doc. #1, at ¶¶22-23).

Now, Defendant WIC moves to stay this instant case pending the resolution of arbitration proceeding. (Doc. #9).

Standard

Arbitration is a form of binding dispute resolution. Parties can contractually agree to arbitrate all or some claims pursuant to their legal relationship. The Federal Arbitration Act places "arbitration agreements on an equal footing with other contracts, and requires

courts to enforce them according to their terms." Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 63 (2010) (internal citations omitted). State law governs whether an arbitration agreement is enforceable. Delano v. Mastec, Inc., No. 8:10-CV-320-T-27MAP, 2010 WL 4809081, at *2 (M.D. Fla. Nov. 18, 2010) (citation omitted); Shotts v. OP Winter Haven, Inc., 80 So. 3d 456, 464 (Fla. 2011) (citing Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999)); see also Zions Mgmt. Servs. v. Record, 305 P.3d 1062, 1070-71 (Utah 2013). Here, Florida law applies. (See, e.g., Doc. #1, at ¶¶1, 4).

Under Florida law, in order to determine whether an arbitration agreement is valid, and thus enforceable against the parties, three questions must be answered: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived. Mora v. Abraham Chevrolet-Tampa, Inc., 913 So.2d 32, 33 (Fla. 2nd DCA 2005) (citing Raymond James Fin. Servs., Inc. v. Saldukas, 896 So.2d 707, 711 (Fla. 2005) (citing Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla. 1999))). Moreover, a contract like the arbitration agreement at issue here is enforceable so long as there was an offer, acceptance, and sufficient specification of essential terms. Jones v. Sallie Mae, Inc., No. 3:13-cv-837-J-99MMH-MCR, 2013 WL 6283483, at *4 (M.D. Fla. Dec. 4, 2013) (citations omitted).

## Discussion

Defendant WIC asserts Plaintiff AIC and RTD's subcontract requires all disputes to be resolved by arbitration. (Doc. #9, at ¶2; Doc. #5-1). Defendant WIC has initiated an arbitration proceeding accordingly. (Doc. #9, at ¶4). Defendant WIC argues since the determination of its liability to Plaintiff AIC is dependent on whether RTD is liable to Plaintiff AIC, any arbitration award against RTD will be conclusive to Defendant WIC.

(Doc. #9, at ¶6). That is, Defendant WIC argues in circumstances where an action between a prime contractor and subcontractor is decided in arbitration proceedings, then an action by the subcontractor against the prime contractor's surety should be stayed pending the result thereof. (Doc. #9, at ¶9). Defendant WIC also argues a stay would support judicial economy and eliminate the possibility of inconsistent rulings. (Doc. #9, at ¶10). Defendant WIC relies on several cases for support. See MacArthur v. Gaines, 286 So.2d 608 (Fla. 3d DCA 1973); Hofer, Inc. v. Fid. & Deposit Co. of MD, No. 4:13cv449-RH/CAS, 2014 WL 644598 (N.D. Fla. Feb. 16, 2014); In Post Tensioned Eng'g Corp. v. Fairways Plaza Assocs., 429 So.2d 1212 (Fla. 3d DCA 1983).

In response, Plaintiff AIC argues Defendant WIC is not a party to the subcontract between Plaintiff AIC and RTD. (Doc. #10, at ¶4). In addition, Plaintiff AIC argues since RTD has not intervened in this action to seek arbitration, arbitration is not appropriate in this case. (Doc. #10, at ¶4). Moreover, Plaintiff AIC argues if Defendant WIC can invoke the arbitration provision, then it must agree that the claims against it in this case will be resolved in arbitration, and must be bound by the outcome of the proceedings. (Doc. #10, at ¶5). Plaintiff AIC asserts this is consistent with the Federal Arbitration Act. (Doc. #10, at ¶6). Plaintiff AIC relies on two cases for support. See Henderson Inv. Corp. v. Int'l Fid. Ins. Co., 575 So.2d 770 (Fla. 5th DCA 1991); K.P. Meiring Constr., Inc. v. Northbay I & E, Inc., 761 So.2d 1221 (Fla. 2d DA 2000).

Upon consideration, the Court will turn to the subcontract between Plaintiff AIC and RTD. Section 11.b of the subcontract states as follows,

> Any controversy of dispute arising out of this Contract, or the breach thereof, may be decided by arbitration in accordance with the Construction Industry Rules of the American Arbitration Association in sole discretion of Contractor, and judgment may be entered on the award in any court having

4

jurisdiction. Subcontractor agrees to participate in any arbitration involving Contractor which Contractor determines to have common issues of fact or law.

(Doc. #5-1, at 4). A plain reading of the subcontract provision clearly indicates that arbitration is not required but is permissible. The term "may" gives the subcontracting parties an option to arbitration. Since arbitration is not required between Plaintiff AIC and RTD, Defendant WIC is not entitled to a stay in this case in light of its pending arbitration proceeding. The motion is due to be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Stay Pending Resolution of Arbitration Proceedings (Doc. #9) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of April, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record